**Andrew G. W. FREDERICK,
Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 13271.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 18, 1956.

Decided Feb. 1, 1957.

———————

Mr. Arthur J. Cerra, Washington, D. C. (appointed by this Court) for appellant.[1]

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll and E. Riley Casey, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Chief Judge, and WILBUR K. MILLER and DANAHER, Circuit Judges.

**PER CURIAM.**

This appeal is from a conviction for using the mails to defraud. 62 Stat. 763, 18 U.S.C. § 1341. Appellant and one Wolfe, who died before trial, formed a corporation to deal in oil and gas leases. Appellant was its president and office manager. Wolfe owned its stock. The corporation acquired Kentucky leases. Appellant took part in advertising them for sale in the Washington Evening Star and by direct mail.

The leases provided that they would terminate unless drilling was done, or more rent paid, within six months. Customers received assignments that did not mention this clause; and in delivering the leases themselves to customers, appellant said nothing about this clause. He told customers they would not need to do any drilling, or anything beyond paying for the assignments, and would be guaranted an income of $6 a day.

Wolfe disappeared, leaving some leases in his desk. Appellant learned that some expired leases had been assigned. He testified as follows:

"Q. Notwithstanding that knowledge, you went ahead and assigned leases that had expired after Wolfe had left, is that right? A. Yes, sir, they were issued but not to my knowledge that they had expired.

"Q. Now, you knew that previously expired leases had been issued? A. Just one or two leases, yes, sir.

"Q. So, you didn't check the assignments you issued? A. No, sir, I did not. All I did, when a person bought the two or three that were sold after Wolfe left, was to go to the drawer and pull one out and put the date on there and sign it and had it notarized. I had no idea it was expired."

We think this, without more, was enough evidence to support a finding that when appellant used the mails to solicit customers, he intended to defraud them. Trial counsel did not ob-

1. Counsel for appellant, who was appointed by this Court, has moved for leave to withdraw, as he has today been appointed to a position as an attorney with the Interstate Commerce Commission. This motion has been granted.

ject to the court's instructions to the jury. They were quite as favorable to the defendant as they should have been. The court told the jury that if they believed the defendant "did not know" he was assigning invalid leases, or if the jury had "a reasonable doubt about it", they could not convict. Counsel we appointed to conduct this appeal has urged a number of other points, but we find no error affecting substantial rights.

Affirmed.